# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THOMAS W. THOMPSON,**

    **Petitioner,**

  v.                                   **CASE NO. 2:07-cv-1045**
                                          **JUDGE MARBLEY**
                                          **MAGISTRATE JUDGE KING**

**MICHAEL SHEETS, Warden,**

    **Respondent.**

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's request for a stay, respondent's opposition to that request, petitioner's reply, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the instant action be **DISMISSED**. Petitioner's request for a stay, Doc. No. 14, is **DENIED.**

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts of this case as follows:

> On January 14, 2005, Sharon Montgomery held a party. Appellant attended the party, as did Sheila Montgomery, the deceased victim and sister of Sharon. Appellant and Sheila had been dating for approximately one year and had known each other for approximately three years. At approximately 11:30 p.m., Sheila and appellant left the party with MaryAnn Benton, Sheila's first cousin, and Benton's husband. Benton and her husband dropped off Sheila and appellant at appellant's house.

The next day, January 15, 2005, Benton visited with appellant and Sheila at appellant's house at approximately 2:00 p.m. Appellant paid Benton $20 for some jewelry she sold him, and she saw a gun with a "cylinder" in a drawer when he retrieved the money. Also on that day, Sheila stopped by Sharon's home for 20 minutes and then left. Later, on January 15, 2005, at about 6:00 p.m., Benton returned to appellant's house. Appellant arrived at the door and told Benton that Sheila had left, he was sleeping, and he did not want any company. Benton returned to appellant's house around 2:00 p.m. on January 16, 2005. Appellant was on his porch and told her he was not feeling well, and she left.

In the early evening on January 16, 2005, Earl Benner was in an alley on the same block as appellant's house looking for discarded antiques when he noticed what appeared to be a body under a trashcan. Benner contacted the police, who discovered the body was that of Sheila, and she had been shot in the upper chest.

On January 17, 2005, Benton went to appellant's house at about 1:00 p.m., and she and appellant drank alcohol together but did not discuss Sheila. Benton left but returned to appellant's house around 6:00 p.m., at which time appellant told Benton that the police had found Sheila dead and told her to tell her family that he did not kill her. He told her that the detectives had been to his house and they would probably arrest him for her murder.

During a canvas of the neighborhood where Sheila's body had been found, appellant told detectives that he had seen Sheila "around" but did not know her name or how to contact her family. He told detectives that he had had sex with Sheila on January 13, 2005. During an interview on January 20, 2005, appellant admitted to the police that he knew Sheila and her family but that Benton was trying to frame him for her murder. He claimed Sheila had stolen some things from him.

After police questioned several other witnesses in the neighborhood and executed a search warrant on appellant's house, on April 20, 2005, appellant was indicted on one count

> of aggravated murder, with specification, and one count of tampering with evidence. Prior to trial, the aggravated murder count was amended to the lesser-included offense of murder, with specification. On October 17, 2005, a trial was held, and the jury subsequently rendered a verdict finding appellant guilty of murder, with specification, and tampering with evidence. On October 27, 2005, the trial court issued a judgment finding appellant guilty of the charges as found by the jury and sentencing appellant to incarceration of 15 years to life on the murder charge consecutive to a three-year term for the specification charge, and five years on the tampering with evidence charge, to be served concurrently to the term for the murder and specification charges.

*State v. Thompson*, 2006 WL 1826737 (Ohio App. 10th Dist. June 30, 2006). Represented by new counsel, petitioner filed a timely appeal. He asserted the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.

*See id.* On June 30, 2006, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner did not timely appeal to the Ohio Supreme Court; however, on September 1, 2006, he filed a motion for delayed appeal. *Exhibits 6 and 7 to Return of Writ*. On October 18, 2006, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the appeal. *State v. Thompson*, 111 Ohio St.3d 1430 (2006); *Exhibit 8 to Return of Writ*. On September 29, 2006, petitioner also filed an application to reopen his appeal pursuant to Ohio Appellate Rule 26(B) in which he asserted the ineffective assistance of appellate counsel. *Exhibit 9 to Return of Writ*. On November 30, 2006, the appellate court

denied petitioner's Rule 26(B) application. *Exhibit 12 to Return of Writ*. Petitioner apparently never filed an appeal to the Ohio Supreme Court from that judgment. On May 26, 2006, petitioner also pursued post conviction relief. *Exhibit 13 to Return of Writ*. He has requested a stay of the instant proceedings so that he may exhaust his post conviction claims in the state courts, see Doc. No. 14; however, on September 30, 2008, the Ohio Tenth District Court of Appeals dismissed petitioner's post conviction appeal. *State v. Thompson*, 2008 WL 4416673 (Ohio App. 10th Dist. September 30, 2008). It does not appear that petitioner pursued an appeal to the Ohio Supreme Court from that dismissal.

On October 11, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. The conviction was not supported by sufficient evidence.

   There was no direct evidence that showed that the petitioner was the person who committed the offense.

2. Ineffective assistance of appellate counsel.

   Appellate [counsel] failed to file for plain error concerning prosecutor's improper comments made at trial and for not asserting that trial [counsel] failed to file a motion to suppress evidence.

3. Ineffective assistance of appellate counsel.

   He failed to file ineffective assistance of trial counsel for not objecting to the introduction of inadmissible evidence.

4. Ineffective assistance of appellate counsel.

4

> Appellate [counsel] failed to file for plain error concerning prosecutor's improper comments made at trial and for not asserting that trial [counsel] failed to file a motion to suppress evidence.

It is the position of the respondent that all of petitioner's claims are procedurally defaulted.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982)(*per curiam); Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and

that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

In claim one, petitioner asserts that the evidence was constitutionally insufficient to sustain his convictions. This claim, being readily apparent from the face of the record, was properly raised on direct appeal; however, petitioner failed thereafter to file a timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied his motion for delayed appeal. The United States Court of Appeals for the Sixth Circuit has concluded that the Ohio Supreme Court's refusal to entertain a motion for delayed appeal under these circumstances constitutes a procedural default of those claims. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir.2004).

In claims two, three, and four, petitioner asserts the ineffective assistance of appellate counsel. Petitioner properly raised these claims in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B); however, he never filed an appeal of the

appellate court's decision denying these claims. Further, he may now no longer do so, as Ohio does not permit delayed appeals in Rule 26(B) proceedings. Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(c).

The Court must next decide whether these procedural rules constitute adequate and independent bases upon which to foreclose review of the petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind the procedural rules against the federal interest in reviewing federal claims. *See Maupin v. Smith,* 785 F.2d at 138. Under this analysis, the procedural rules barring petitioner's claims constitute an adequate and independent state ground for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The time requirement for filing appeals in Rule 26(B) proceedings serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity.

Petitioner has waived this Court's consideration of all four of his claims. He may still secure review of these claims on the merits if he demonstrates cause for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. Petitioner has failed to demonstrate either cause for his procedural defaults or actual prejudice resulting from the alleged constitutional violations.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333 (1992). After review of the record, this Court does not deem

this to be such a case.

## REQUEST FOR A STAY

As discussed, in April 2008, petitioner requested a stay of proceedings so that he could exhaust state court remedies regarding claims he raised in then-pending post conviction proceedings. Doc. No. 14. However, since the filing of that motion, the Ohio Tenth District Court of Appeals dismissed petitioner's post conviction appeal. The time period for filing an appeal to the Ohio Supreme Court from that decision has expired, and it does not appear that petitioner ever pursued an appeal to the Ohio Supreme Court. Additionally, petitioner has not filed a request to amend his habeas corpus with any of the claims raised in post conviction proceedings, and none of those claims are before this Court. In any event, it appears that post conviction claims would be procedurally defaulted, in view of petitioner's failure to file a timely appeal to the Ohio Supreme Court.

Therefore, petitioner's request for a stay, Doc. No. 14, is **DENIED**.

The Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this

Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

December 8, 2008                                                         *s/Norah McCann King*
                                                                              Norah McCann King
                                                                              United States Magistrate Judge