# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

THOMAS W. THOMPSON,

      Petitioner,

   v.

MICHAEL SHEETS, Warden,

      Respondent.

CASE NO. 2:07-CV-1045
JUDGE MARBLEY
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On December 9, 2008, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Magistrate Judge recommended dismissal of all of petitioner's claims as procedurally defaulted because petitioner failed to establish cause and prejudice for his untimely appeals to the Ohio Supreme Court. The Magistrate Judge also denied petitioner's request for a stay of proceedings while he exhausted post conviction proceedings, noting that as the Ohio Tenth District Court of Appeals had dismissed petitioner's post conviction appeal, and the time period for filing an appeal to the Ohio Supreme Court from that decision had already expired. Additionally, petitioner had not requested leave to amend this habeas corpus petition to include any of the claims raised in his post conviction petition.

Petitioner objects to the Magistrate Judge's recommendations, noting that he filed a motion for delayed appeal with the Ohio Supreme Court. Additionally, petitioner states that he attempted to timely appeal the state appellate court's dismissal of his post conviction appeal by placing his appeal with prison officials for mailing on the day before the appeal was due. According to petitioner, the prison's library "was closed a great deal [of time] leading up to the" filing deadline due to illness of prison staff; therefore, filing his post conviction appeal with the Ohio Supreme Court in a timely manner "was beyond his control." *Objections*, at 2. Petitioner also again requests a stay of proceedings and alleges that he is actually innocent of the charges against him.

Petitioner's objections are not well taken. The United States Court of Appeals for the Sixth Circuit has concluded that, where the Ohio Supreme Court denies a motion for delayed appeal, a habeas petitioner has waived such claims for federal habeas corpus review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Petitioner further failed to file a timely appeal in his Rule 26(B) proceedings, and Ohio does not permit delayed appeals in such proceedings. Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(c).

Petitioner has also failed to present any grounds justifying a stay of these proceedings. On September 30, 2008, the state appellate court dismissed petitioner's post conviction appeal and he may now no longer file an appeal to the Ohio Supreme Court. *Id*. Further, petitioner asserted in post conviction proceedings that he had been denied the effective assistance of trial counsel and that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). *See State v. Thompson*, 2008 WL 4416673 (Ohio App. 10th Dist. September

30, 2008). Neither of those claims is presently before this Court. Moreover, these claims appear to be procedurally defaulted due to petitioner's failure to file a timely appeal, and nothing in the record supports petitioner's contention that he was so unable to timely appeal as to excuse such a procedural default.

Finally, this record fails to support petitioner's allegation of actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 590-91 (6th Cir. 2005). Such are not the circumstances here.

Pursuant to 28 U.S.C. §636(b), the Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation.* For all the foregoing reasons and for the

3

reasons discussed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT.**

       *s/Algenon L. Marbley*
ALGENON L. MARBLEY
United States District Judge